UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-4423 FMO (PDx)** | Date | **June 3, 2026** |
|---|---|---|---|
| Title | **David Mandel v. Aether Holdings, Inc., et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:                Attorney Present for Defendants:

None Present                        None Present

**Proceedings:        (In Chambers) Order Remanding Action**

On March 19, 2026, David Mandel ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Aether Holdings, Inc. ("Aether") and Lin Kuan Liang Nicolas aka Nicolas Lin ("Lin"), asserting state law claims.  (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2); (Dkt. 1-1, Complaint).  On April 24, 2026, Aether removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (See Dkt. 1, NOR at ¶ 5).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.");  Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by

---

[1]  An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-4423 FMO (PDx)** | Date | **June 3, 2026** |
|---|---|---|---|
| Title | **David Mandel v. Aether Holdings, Inc., et al.** | | |

motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3] See 28 U.S.C. § 1332(a).

Aether contends that although plaintiff and Lin, Aether's Chief Executive Officer and Chairman of its board of directors, are both citizens of Canada,[4] Lin's citizenship should be ignored because he is a sham defendant. (See Dkt. 1, NOR at ¶¶ 16, 19-20). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citation omitted) (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction

---

[2]  In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

[3]  Aether seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

[4]  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) (noting that "requisite diversity was . . . absent" where defendant was a Mexican corporation and plaintiff, a limited partnership, included two partners that were also citizens of Mexico).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-4423 FMO (PDx)** | Date | **June 3, 2026** |
| --- | --- | --- | --- |
| Title | **David Mandel v. Aether Holdings, Inc., et al.** | | |

on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, 889 F.3d at 548 (internal quotation marks omitted).

Here, Aether has failed to show that "plaintiff could not possibly recover against" Lin. See Mireles, 845 F.Supp.2d at 1063. It is not enough to claim, as Aether does, (see Dkt. 1, NOR at ¶¶ 21-34), that the allegations in the Complaint are insufficient to give rise to individual liability. In other words, even assuming plaintiff's claims against Lin are deficiently pled, there exists the possibility that plaintiff could salvage his claim through amendment. See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants did not meet their "heavy burden of persuasion[] to show to a near certainty that joinder was fraudulent" because plaintiff could amend the complaint to state at least one valid claim) (internal quotation marks omitted); see also Rattagan v. Uber Technologies, Inc., 19 F.4th 1188, 1191 (9th Cir. 2021) ("The economic loss rule limits a party to a contract to recover[ing] in contract for purely economic loss due to disappointed expectations, rather than in tort, unless he can demonstrate harm above and beyond a broken contractual promise.") (internal quotation marks omitted); Hannibal Pictures, Inc. v. Sonja Prods. LLC, 432 F.Appx. 700, 701 (9th Cir. 2001) (noting that the economic loss rule does not bar tort damages where "one party has lied to the other"); (Dkt. 1-1, Complaint at ¶ 14) (alleging that Lin and others had been engaged in extensive activities related to cryptocurrency for at least a year prior to Aether's IPO, and that Aether intentionally waited until after the IPO "quiet period had ended" to inform plaintiff of the cryptocurrency focus).

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded that defendant has met its burden of showing that complete diversity exits. Therefore, there is no basis for subject matter jurisdiction.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as moot.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-4423 FMO (PDx)** | Date | **June 3, 2026** |
|---|---|---|---|
| Title | **David Mandel v. Aether Holdings, Inc., et al.** | | |

                                                    00    :    00

                                Initials of Preparer          vdr